UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANE GORZYNSKI,

       Plaintiff,

                         **Hon. Hugh B. Scott**

        v.

                         03CV774A

                         **Order**

JETBLUE AIRWAYS CORPORATION,

       Defendant.

    Before the Court is plaintiff's motion to compel supplemental discovery (Docket No. 67[1]). At a previous status conference (Docket No. 66), plaintiff indicated that she would move to compel this supplemental discovery if conferring with defense counsel did not produce this material. Responses to this motion were due by January 27, 2012, with any replies due February 3, 2012, and the motion deemed submitted (without oral argument) on February 3, 2012 (Docket No. 68).

                    BACKGROUND

    This is a Title VII action in which, according to the Second Circuit decision in this case, <u>Gorzynski v. JetBlue Airways Corp.</u>, 596 F.3d 93, 95 (2d Cir. 2010) (<u>see also</u> Docket No. 41, Mandate of Second Circuit; Docket No. 1, Compl.), plaintiff alleges that her former employer, defendant JetBlue Airways ("JetBlue") discriminated against her based on age and gender and

---

[1] In support of her motion, plaintiff submits her attorney's affidavit with exhibit, Docket No. 67; her attorney's Reply Declaration and Reply Memorandum of Law, Docket No. 70.
  In opposition, defendant submits the Declaration of its counsel (with exhibits), the declaration of Gioia Gentile (a paralegal in JetBlue's legal department), and opposition Memorandum, Docket No. 69.

retaliated against her for complaining to her supervisors about that age and gender discrimination, as well as race discrimination against other employees.  Upon JetBlue's motion for summary judgment, Judge John Elfvin dismissed the Complaint in its entirety. The Second Circuit vacated and remanded the case for further proceedings, holding that it was not unreasonable as a matter of law for an employee to complain of sexual harassment to the employee's harasser if that person is the designated official to hear such complaints under the employer's plan, concluding "that whether a plaintiff's complaints to the harasser constitute reasonable availment of an employer's sexual harassment policy is to be determined by the specific facts and circumstances of each case," id. at 96.  The Second Circuit also held that "Moreover, we find that Gorzynski has presented genuine issues of material fact with respect to her hostile work environment, age, and retaliation claims, which are made evident through examining several omissions and incorrect accounts of the record in the District Court's decision," id.

Upon remand, the case was reassigned to Judge Richard Arcara (Docket No. 42) and referred to the undersigned for pretrial matters (Docket No. 47).  Meanwhile, the case was referred to mediation (Docket Nos. 44, 46 (appointing mediator)) but the case was not resolved (see text minute entry, Sept. 10, 2010).  The parties then held settlement discussions before the undersigned (Docket Nos. 52, 54, 61) but this case remains unresolved.

On March 1, 2011, a status conference was held wherein plaintiff produced updated expert and other disclosures and awaited defense updated disclosure (Docket No. 58).  Expert disclosure and any remaining discovery were to be completed by April 29, 2011 (id.; see Docket No. 67, Pl. Atty. Decl. ¶ 11).  A further conference was held on May 10, 2011, where the parties

exchanged expert reports (Docket No. 60). At the last status conference in this case, on December 7, 2011, plaintiff indicated that she would move to compel supplemental discovery (Docket No. 66).

*Plaintiff's Motion to Compel*

Plaintiff now seeks an Order compelling defendant to respond to her First Request for Production of Documents (Docket No. 67). In 2005, she had written to Judge Elfvin to have him compel production from defendant and Judge Elfvin ordered production of personnel records and payroll records of certain identified individuals (id., Pl. Atty. Decl. ¶¶ 5-6, Ex. B). Judge Elfvin granted plaintiff's motion to compel production of the non-privileged documents (Docket No. 23, Order of Aug. 4, 2005). After appeal of the summary judgment Order and the proceedings discussed above, plaintiff's counsel wrote to defendant, on December 14, 2011, seeking supplementation of defense discovery responses (Docket No. 67, Pl. Atty. Decl. ¶ 15. Ex. D). Plaintiff seeks supplementation of personnel documents, payroll records (including W-2 forms) of numerous employees who either are still JetBlue employees or were employed there beyond the 2005 production (id. ¶¶ 17-23, Ex. D). JetBlue contends that plaintiff seeks documents on 23 current and former employees stationed at Buffalo, New York, from the 2005 discovery (Docket No. 69, Def. Memo. at 2-3). As of the date of plaintiff's motion, JetBlue has not responded to this letter (Docket No. 67, Pl. Atty. Decl. ¶ 16) while plaintiff claims to have made a good faith effort to obtain these materials short of motion practice (id. ¶ 25).

JetBlue argues that discovery was closed on March 31, 2006, and this Court ordered the parties to update their expert disclosures and complete supplemental discovery by April 29, 2011 (Docket No. 69, Def. Memo. at 3, citing Docket No. 58), extended by leave of the Court to

3

May 9, 2011 (Docket No. 69, Def. Memo. at 3; id., Def. Atty. Decl. ¶ 5). JetBlue then claims that, seven months later, it learned from plaintiff for the first time that she was seeking additional documents she believed were withheld (Docket No. 69, Def. Memo. at 3). Plaintiff had then orally sought leave to move to compel, but defense counsel objected since no attempt was made to confer regarding the discovery dispute (id.). On December 7, 2011, this Court gave the parties thirty days to confer and, if not resolved, for plaintiff to formally move to compel (id.; see Docket No. 66). After plaintiff wrote to defense counsel, on December 14, 2011, requesting these supplemental documents, defendant began to check its records to see if additional responsive documents existed when plaintiff filed the instant motion (Docket No. 69, Def. Memo. at 3-4; id., Def. Atty. Decl. ¶ 10). During the week of January 23, 2012, JetBlue supplemented its response regarding personnel and payroll records (Docket No. 69, Def. Memo. at 4; id., Def. Atty. Decl. ¶ 11). Defense counsel called plaintiff's counsel asking for withdrawal of the motion to compel but plaintiff's counsel refused because she believed one current employee's records may not have been supplemented (Docket No. 69, Def. Memo. at 4). JetBlue argues that it produced responsive documents and plaintiff needs to identify the documents she believes has been withheld (id. at 4-5; id., Gentile Decl.).

In reply, plaintiff points to instances when she attempted to confer on this issue, first at the December 7, 2011, conference and in her letter of December 14, 2011 (Docket No. 70, Pl. Atty. Reply Decl. ¶ 14). Plaintiff points to the Order that required all discovery by April 29, 2011, and that JetBlue had violated that Order by December 7, 2011, in not supplementing (id. ¶ 15). Although JetBlue has supplemented, plaintiff claims that documents have not yet been produced, in particular for two JetBlue employees' records, Cheryl Harrison (her personnel

4

records) and James Celeste (his termination records) (id. ¶¶ 19-21, 25). Plaintiff notes the six-year time lapse (from 2005 to 2011) from the completion of discovery prior to the motion for summary judgment to present, and that for plaintiff's lost wages claim she needed discovery during that six-year period (Docket No. 70, Pl. Reply Memo. at 3).

Both parties seek sanctions for this motion (compare Docket No. 69, Def. Memo. at 8-9 with Docket No. 70, Pl. Atty. Reply Decl. ¶¶ 23-24, 26).

Other than this discovery dispute, this case is ready for trial (see Docket No. 66).

DISCUSSION

I.   Motion to Compel Standards

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A).

Rule 26(e)(1) requires a party to supplement its discovery or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," Fed. R. Civ. P. 26(e)(1)(A), or upon order of this Court, id., R. 26(e)(1)(B). This duty to supplement discovery continues even after the discovery period has closed, Star Direct Telecom, Inc. v.

Global Crossing Bandwidth, Inc., 272 F.R.D. 350, 358 (W.D.N.Y. 2011) (Payson, Mag. J.); see, e.g., McKinney v. Conn., Civ. No. 3:06CV2055, 2011 U.S. Dist. LEXIS 5059, at *4 (D. Conn. Jan. 19, 2011) (Fitzsimmons, Mag. J.).

II.     Good Faith

Defendant objects to this motion because plaintiff did not engage in good faith to seek this material short of motion practice, therefore the motion is premature (Docket No. 69, Def. Memo. at 7-8). Instead of meeting and conferring on this issue, defendant claims that plaintiff merely wrote a letter to defense counsel requesting the discovery at issue (id. at 7; see Docket No. 67, Pl. Atty. Decl. ¶ 15, Ex. D). Plaintiff argues that she engaged in good faith efforts to resolve this, pointing to the status conference on December 7, 2011, and subsequent correspondence requesting this supplementation to be "met with deafening silence by Defendant" (Docket No. 70, Pl. Reply Memo. at 4).

Given that the sole outstanding pretrial issue here is this supplemented discovery, plaintiff engaged in good faith efforts to obtain this material.

III.    Production

JetBlue first argues that it has produced all documents sought back in 2005 and plaintiff's latest request is moot (Docket No. 69, Def. Memo. at 4-5; Docket No. 69, Gentile Decl.). Alternatively, it argues that this production creates an undue burden since the material produced was not incomplete or incorrect under Federal Rule of Civil Procedure 26(e) to require supplementation (Docket No. 69, Def. Memo. at 5-7). Pursuant to this Court's Order that the parties complete an exchange of expert disclosure and discovery, defendant supplemented its discovery; JetBlue contends that this Order did not reopen discovery or "provide specific

instructions regarding the parties' obligation to supplement prior disclosures" (id. at 6). JetBlue distinguishes supplementation from reopening discovery (id.).

Rule 26(e) (as noted by defendant, id. at 5-6) requires a disclosing party to supplement its discovery after it learns that its disclosure or response is incomplete or incorrect "in some material respect" and if the additional information has not otherwise been made known to the other parties during discovery or as ordered by this Court, Fed. R. Civ. P. 26(e)(1)(A), (B). The party "must supplement or correct its disclosure or response," id., R. 26(e)(1). This Court held that "'Information' is 'incomplete or incorrect' in some material respect if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." Robbins & Myers, Inc. v. J.M. Huber Corp., 274 F.R.D. 63, 77 (W.D.N.Y. 2011) (Foschio, Mag. J.) (quoting Sender v. Mann, 225 F.R.D. 645 (D. Colo. 2004) (in turn quoting Rule 26(e)) (Docket No. 69, Def. Memo. at 6).

There have been six years since JetBlue's production in response to Judge Elfvin's 2005 Order. Under Rule 26(e)(1), there is a continuing duty to supplement discovery, especially where as here personnel information was sought and the status of the inquired employees has changed over those years. This duty can be compelled, as here, by a motion to compel despite the fact that the discovery deadline has long passed, Star Direct Telecom., supra, 272 F.R.D. at 358. The minute entry from December 7, 2011 (Docket No. 66), almost invites a motion to compel, where the parties were either to move or report the resolution of the dispute and readiness of the case for trial (id.).

Although JetBlue has supplemented some of this discovery, the remaining dispute is concerning two employees whose records JetBlue has not supplemented, Cheryl Harrison and

James Celeste. Plaintiff alleges that Celeste was the "prime actor in the discrimination" (Docket No. 70, Pl. Reply Memo. at 6) against her as a former Station Manager for the Buffalo station (see Docket No. 67, Ex. B, letter Alison Davis, Esq., to Josephine Greco, Esq., Feb. 21, 2005, at 2). JetBlue originally argued that crewmembers' personnel files should not be produced because plaintiff, as a crewleader (a distinct employment title at JetBlue), was not held to the same workplace standards as a crewmember (like Harrison), and disclosure of Harrison's records would not reveal evidence leading to relevant evidence (see id.).

In Judge Elfvin's 2005 Order (Docket No. 23, Order of Aug. 4, 2005), he ordered JetBlue to produce personnel records plaintiff now seeks to supplement because they were necessary to develop plaintiff's case about the pretextual nature of defendant's conduct (id. at 16), expressly not addressing whether the employees named in the discovery request were similarly situated to plaintiff. Harrison, for example, was identified as a younger female employee as in contrast with what happened to plaintiff, an older female employee (id. at 15). JetBlue cannot be permitted to essentially reargue Judge Elfvin's decision over six years after it was rendered. These personnel records were produced (and now are to be supplemented) because they are relevant to plaintiff contention that JetBlue's non-discriminatory reasons for its actions were pretextual, given the experience of other female employees as compared with their ages. Thus, JetBlue's present argument that supplementation should not occur because these employees were not similarly situated to plaintiff is baseless. JetBlue **is ordered to supplement** as to Harrison.

As for Celeste, since he was plaintiff's immediate supervisor, supplemental information as to his personnel record is material to plaintiff's claims. JetBlue **is ordered to also supplement as to Celeste**.

IV.     Reasonable Motion Costs

Given that plaintiff prevails (in part from the result above and in part from JetBlue's supplementation made while this motion was pending), under Rule 37(a)(5)(A), this Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The imposition of this sanction may not occur if movant filed the motion before attempting in good faith to resolve this without Court intervention, but this Court found that plaintiff attempted in good faith to so resolve this matter; if the non-disclosure was substantially justified; or other circumstances made an award of expenses unjust. Therefore, plaintiff shall submit an application to recover her reasonable motion expenses within ten (10) days of entry of this Order, or by **March 15, 2012**; JetBlue may respond to this application, including arguing why non-disclosure was substantially justified (this Court will consider arguments previously raised with this motion to also address this issue) or point to other circumstances that would make imposition of an award unjust. JetBlue's response is due within twenty-one (21) days of entry of this Order, or by **March 26, 2012**.

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel production of supplemental materials (Docket No. 67) is **granted**. Defendant JetBlue Airways is to supplement its discovery forthwith. Plaintiff shall submit an application of her reasonable motion expenses within **ten (10) days of entry of this Order, or by March 15, 2012**. Defendant JetBlue may respond to this application within **twenty-one (21) days of entry of this Order, or by March 26, 2012.**

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
March 5, 2012