UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANE GORZYNSKI,

                Plaintiff,

                v.

JETBLUE AIRWAYS CORPORATION,

                Defendant.

**Hon. Hugh B. Scott**

03CV774A

**Order**

Before the Court is plaintiff's motion to compel supplemental discovery (Docket No. 67[1]). That motion was granted and plaintiff was granted leave to apply to recover her reasonable motion expenses (Docket No. 71). Now before this Court is plaintiff's timely application (Docket No. 72[2]); defendant responded opposing relief (Docket No. 73). Familiarity with the previous Order (Docket No. 71) is presumed.

BACKGROUND

This is a Title VII action in which, according to the Second Circuit decision in this case, Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 95 (2d Cir. 2010) (see also Docket No. 41, Mandate of Second Circuit; Docket No. 1, Compl.), plaintiff alleges that her former employer,

---

[1] In support of her motion, plaintiff submits her attorney's affidavit with exhibit, Docket No. 67; her attorney's Reply Declaration and Reply Memorandum of Law, Docket No. 70.
    In opposition, defendant submits the Declaration of its counsel (with exhibits), the declaration of Gioia Gentile (a paralegal in JetBlue's legal department), and opposition Memorandum, Docket No. 69.

[2] In support of this application, plaintiff submits her attorney's declaration with exhibits, Docket No. 72. In opposition, defendant submits its attorney's declaration with exhibits and opposition Memorandum of Law, Docket No. 73.

defendant JetBlue Airways ("JetBlue") discriminated against her based on age and gender and retaliated against her for complaining to her supervisors about that age and gender discrimination, as well as race discrimination against other employees. Discovery in this action was conducted in 2005. Upon JetBlue's motion for summary judgment, Judge John Elfvin dismissed the Complaint in its entirety. The Second Circuit vacated and remanded the case for further proceedings. Upon remand, the case was reassigned to Judge Richard Arcara (Docket No. 42) and referred to the undersigned for pretrial matters (Docket No. 47).

On March 1, 2011, a status conference was held wherein plaintiff produced updated expert and other disclosures and awaited defense updated disclosure (Docket No. 58), which were exchanged (Docket No. 60). At the last status conference in this case, on December 7, 2011, plaintiff indicated that she would move to compel supplemental discovery (Docket No. 66).

Plaintiff now seeks an Order compelling defendant to respond to her First Request for Production of Documents (Docket No. 67). In 2005, she had written to Judge Elfvin to have him compel production from defendant and Judge Elfvin ordered production of personnel records and payroll records of certain identified individuals (id., Pl. Atty. Decl. ¶¶ 5-6, Ex. B). Judge Elfvin granted plaintiff's motion to compel production of the non-privileged documents (Docket No. 23, Order of Aug. 4, 2005). After appeal of the summary judgment Order and the proceedings discussed above, plaintiff's counsel wrote to defendant, on December 14, 2011, seeking supplementation of defense discovery responses (Docket No. 67, Pl. Atty. Decl. ¶ 15. Ex. D). Plaintiff seeks supplementation of personnel documents, payroll records (including W-2 forms) of numerous employees who either are still JetBlue employees or were employed there beyond

the 2005 production (id. ¶¶ 17-23, Ex. D). JetBlue contends that plaintiff seeks documents on 23 current and former employees stationed at Buffalo, New York, from the 2005 discovery (Docket No. 69, Def. Memo. at 2-3). After objecting to resuming discovery after the original discovery deadline (see id. at 3, citing Docket No. 58, Minute Entry and Order of Mar. 1, 2011), during the week of January 23, 2012, JetBlue supplemented its response regarding personnel and payroll records (Docket No. 69, Def. Memo. at 4; id., Def. Atty. Decl. ¶ 11). Defense counsel called plaintiff's counsel asking for withdrawal of the motion to compel but plaintiff's counsel refused because she believed one current employee's records may not have been supplemented (Docket No. 69, Def. Memo. at 4). Both parties sought sanctions for this motion (compare Docket No. 69, Def. Memo. at 8-9 with Docket No. 70, Pl. Atty. Reply Decl. ¶¶ 23-24, 26).

Other than this discovery dispute, this case is ready for trial (see Docket No. 66).

This Court granted plaintiff's motion to compel supplementation and production on defendant's discovery (Docket No. 71, Order of Mar. 5, 2012, at 5-8). This Court found that plaintiff prevailed (in part from defendant supplementing in the face of the motion and from the grant by this Court), under Federal Rule of Civil Procedure 37(a)(5)(A), and plaintiff was entitled to apply to recover her reasonable motion costs. Plaintiff had until March 15, 2012, to apply and defendant had until March 26, 2012, to respond (id. at 9).

After recounting the procedural history for her motion (Docket No. 72, Pl. Atty. Decl. ¶¶ 9-24, Ex. A), plaintiff argues that defendant's failure to supplement was without justification (id. ¶¶ 8, 25) and denies that other circumstances would warrant denying recovery of her costs (id. ¶ 26). Plaintiff presents her attorney's itemized time records from December 7, 2011, after the status conference (Docket No. 66) where plaintiff indicated that she might need to move to

compel supplementation, to present reveals for time she claims was reasonably expended in making the motion to compel and the fee application (Docket No. 72, Pl. Atty. Decl. ¶ 28, Ex. B). Attorney Josephine Greco's customary rate is $300 per hour while the rate of Duane Schoonmaker is $200 per hour (id. ¶ 29), rates comparable for civil rights matters in this community (id. ¶ 30). At those respective rates, Greco spent 1.4 hours on this motion and Schoonmaker 33.9 hours (including 2.4 hours preparing the application), for a total rate claimed of $7,200 (id. ¶¶ 31-32, 33, Ex. B). She does not seek to recover other motion related expenses.

Defendant responds that it never obstructed discovery and produced what it had that was responsive to plaintiff's demands (Docket No. 73, Def. Memo. at 2). Even if payment of expenses should be ordered, defendant objects to the hours claimed as being excessive or unnecessary (id. at 2 n.1). Defendant claims that, after discovery was closed in March 2006 and the appeal of the summary judgment entered, it had supplemented discovery in May 2011, but learned for the first time of plaintiff's contention that further supplementation was required in December 2011 (id. at 2-3). Believing that it would be timely to respond no later than January 6, 2012, defendant searched for supplemental records but plaintiff moved to compel on January 4, 2012 (id. at 3; see Docket No. 67, Pl. Motion of Jan. 4, 2012). Defendant found performance evaluations of some employees that were inadvertently not produced and did not find records as to the other persons sought by plaintiff (Docket No. 73, Def. Memo. at 3-4; id., Def. Atty. Decl. ¶¶ 3-7, 8-10). Pursuant to this Court's Order, defendant supplemented the personnel records of Cheryl Harrison where records were inadvertently not included in supplemental production (id., Def. Memo. at 5).

DISCUSSION

I.      Motion to Compel Standards

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A).

Under Rule 37(a)(5)(A), this Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The imposition of this sanction may not occur if movant filed the motion before attempting in good faith to resolve this without Court intervention, but this Court found that plaintiff attempted in good faith to so resolve this matter; if the non-disclosure was substantially justified; or other circumstances made an award of expenses unjust.

Imposition of Rule 37(a)(5) sanctions for failure to comply with discovery demands must be weighed in light of the full record. Johanson v. County of Erie, No. 11CV228, 2012 U.S. Dist. LEXIS 6772, at *3 (W.D.N.Y. Jan. 20, 2012) (Scott, Mag. J.); see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide

what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. The Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred. In calculating the "presumptively reasonable fee," this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice–Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

II.     Application

*Whether to Impose Sanctions at All*

Defendant argues that it need not be disciplined for inadvertent omissions in its supplementation (Docket No. 73, Def. Memo. at 6).  First, defendant should not be sanctioned for not producing documents that do not exist (id. at 6-7).  Second, defendant argues that it should not be sanctioned for not responding as soon as plaintiff wanted (leading to plaintiff's January 4 motion) when it stated its willingness to supplement on January 6 (id. at 7; cf. Docket No. 72, Pl. Atty. Decl. Ex. A (letter of Jan. 6, 2012)).  Since defendant never refused to supplement a particular item, rather a few pages were inadvertently not produced, plaintiff should not have her fees awarded (Docket No. 72, Def. Memo. at 7), thus defendant was substantially justified in the timing and scope for its supplementation (id. at 9).

Defendant offered to supplement in the face of the motion, but within the 30-day period stated by the Court during the December 7, 2011, status conference for the parties either to resolve the supplementation issue or have a motion filed (see Docket No. 66).  The result confirmed the non-existence of certain categories of documents sought and the location of documents that would have been produced earlier but were overlooked.  Defendant would be sanctioned here, in effect, for not responding to a December 14, 2011, letter spelling out the supplementation sought (cf. Docket No. 72, Pl. Atty. Decl. ¶¶ 13-14).  Awarding attorney's fees, especially for a total of $7,200, for the limited discovery produced would be unjust here.  Thus, plaintiff's application for award of her reasonable motion expenses (Docket No. 72) is **denied**.

CONCLUSION

For the reasons stated above, plaintiff's application (Docket No. 72) to recover reasonable costs for her motion to compel production of supplemental materials (Docket No. 67) is **denied**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 12, 2012