UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DIANE GORZYNSKI,

    Plaintiff,

v.

JETBLUE AIRWAYS CORPORATION,

    Defendant.

---

**DECISION AND ORDER**

03-CV-00774 EAW

The trial of this employment discrimination action is scheduled to commence on April 21, 2014. (Dkt. 110). Plaintiff has filed a motion requesting permission to use the deposition transcript of Lee Gojmerac at trial. (Dkt. 86). Defendant opposes Plaintiff's motion. (Dkt. 94-1). Counsel appeared before the Court on March 31, 2014, and argued their respective positions. (Dkt. 138). The Court indicated at that appearance that it would be issuing a written decision granting Plaintiff's motion. This Decision and Order constitutes the written decision of the Court with respect to Plaintiff's motion requesting permission to use the subject deposition transcript at trial.

## BACKGROUND

Plaintiff commenced this lawsuit on October 15, 2003, alleging that Defendant JetBlue Airways Corporation, her former employer, discriminated against her on the basis of her age and gender and retaliated against her for engaging in protected activity. (Dkt. 1). During the course of discovery in this matter, Lee Gojmerac, one of Plaintiff's former co-workers and the individual who allegedly ultimately replaced Plaintiff, was deposed on March 10, 2005. (Dkt. 86-1 at ¶¶ 3-4). At oral argument of the instant

motion, Plaintiff's counsel read from a portion of the transcript wherein defense counsel indicated that she was representing Ms. Gojmerac at the deposition.

Ms. Gojmerac's deposition was not completed on March 10, 2005, and it was continued the following day. (*Id.* at ¶ 5). The parties disagree as to how long the second day of deposition lasted; Plaintiff's counsel has submitted a sworn declaration that the second day of testimony lasted less than one hour (*id.* at ¶ 6), while Defendant simply states in its memorandum of law that this is "inaccurate." (Dkt. 94-1 at 13).

In any event, it is undisputed that no transcript of the second day of Ms. Gojmerac's testimony exists because the court reporter died prior to transcribing it. (Dkt. 86-1 at ¶ 8; Dkt. 94-1 at 12). The stenographic notes of the deposition are also missing, and so neither party is able to obtain a transcript at this time. (Dkt. 86-1 at ¶ 9). Apparently, the parties were not aware of the missing transcript until sometime in late 2012 or early 2013, when they were preparing for the trial originally scheduled to commence on February 1, 2013. That trial date was cancelled due to the demands of the presiding District Judge's criminal calendar (Dkt. 99), and the case was subsequently transferred to the undersigned.

Ms. Gojmerac is no longer an employee of Defendant and resides in the State of Washington. (Dkt. 86-1 at ¶ 10). Ms. Gojmerac is not subject to subpoena to personally appear at trial, and defense counsel indicated at oral argument on the instant motion that she had spoken to Ms. Gojmerac and Ms. Gojmerac was unwilling to voluntarily appear.

In 2007, summary judgment was granted in Defendant's favor. (Dkt. 36). However, the Second Circuit Court of Appeals vacated that judgment and remanded the

case. (Dkt. 41). There is no dispute that some portions of Ms. Gojmerac's deposition testimony were submitted by Plaintiff in opposition to Defendant's summary judgment motion. (*See* Dkt. 33-9). Moreover, in reversing the prior grant of summary judgment in this case, the Second Circuit Court of Appeals expressly considered evidence regarding Ms. Gojmerac, including evidence of her employment history, her treatment of her co-workers, and her alleged failure to comply with Defendant's policies. *See generally Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93 (2d Cir. 2010).

## **DISCUSSION**

The Court has discretion to determine whether the use of incomplete deposition testimony is permissible where "customary standards of admissibility have been met and . . . no unfairness inheres." *Daigle v. Maine Med. Ctr., Inc.*, 14 F.3d 684, 692 (1st Cir. 1994). Where a party seeks to introduce incomplete deposition testimony at trial, "the true solution [is] to avoid any inflexible rule, and to leave it to the trial judge to admit the direct examination so far as the loss of cross-examination can be shown to him to be not in that instance a material loss." *U.S. Steel Corp. v. United States*, 43 F.R.D. 447, 449 (S.D.N.Y. 1968) (quotation omitted).

Additionally, Rule 32(d)(4) of the Federal Rules of Civil Procedure places the burden on the party who objects to the manner in which a transcript was prepared to promptly file a motion addressed to the issue. Specifically, Rule 32(d)(4) provides: "An objection to how the officer transcribed the testimony – or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition – is waived unless a motion

to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known." Fed. R. Civ. P. 32(d)(4).

Here, Defendant's counsel represented Ms. Gojmerac at the deposition, and the transcript was affirmatively used by Plaintiff to oppose summary judgment. Yet, it was not until almost eight years after the deposition took place that any issue was raised concerning the completeness of the transcript. If an issue had been raised earlier, Ms. Gojmerac's cross-examination could have been retaken with minimal burden or expense.

Moreover, Defendant has been aware that the transcript is incomplete since late 2012 or early 2013. Yet, Defendant never made a motion to suppress the use of Ms. Gojmerac's deposition testimony. Whether measured from 2005, when Defendant should have known about the error with reasonable diligence, or from early 2013, when Defendant undisputedly knew about the error, Defendant cannot be said to have "promptly" made a motion to suppress. As such, Defendant has waived any argument that Ms. Gojmerac's deposition testimony should be excluded solely because of the missing testimony.

Defendant's argument that Ms. Gojmerac's testimony is more prejudicial than probative is also unpersuasive. Ms. Gojmerac was intimately involved in the events at issue. She is one of the younger workers alleged to have been treated preferentially and is allegedly the younger individual who replaced Plaintiff after her termination despite not being qualified for the position. As demonstrated by the Second Circuit Court of Appeals' references to evidence concerning Ms. Gojmerac in reversing the grant of

summary judgment, Ms. Gojmerac's testimony is highly probative of many issues in this litigation.

Moreover, Defendant has not identified any prejudice it will suffer. Instead, Defendant asserts in a conclusory fashion that "[d]ue to the circumstances here with regard to the unavailability of the second day of testimony and the resulting prejudice to JetBlue, the Court should exclude the testimony." (Dkt. 94-1 at 13). The absence of the second day of testimony does not by itself establish prejudice and Defendant has offered no evidence regarding what Ms. Gojmerac testified to on March 11, 2005, or regarding why the absence of such testimony would prejudice Defendant.

Finally, Defendant's argument that the rule of completeness bars the admission of Ms. Gojmerac's deposition testimony is misplaced. The rule of completeness provides that where one party introduces all or part of a writing or recorded statement, the other party may introduce any other part that "in fairness ought to be considered at the same time." Fed. R. Evid. 106. The rule of completeness applies only where the omitted portion of a statement is "necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Kopp*, 562 F.3d 141, 144 (2d Cir. 2009) (quotation omitted). Here, Defendant has offered no evidence regarding the content of the second day of Ms. Gojmerac's testimony, nor has it offered any argument as to why fairness requires that it be considered at the same time as the first day of testimony.

As explained during the oral argument of this motion, I will entertain an application by Defendant to allow Ms. Gojmerac to testify via contemporaneous transmission pursuant to Fed. R. Civ. P. 43. I will also consider proposed instructions to the jury concerning the incompleteness of the deposition transcript. Moreover, Defendant has made specific objections to certain portions of Ms. Gojmerac's deposition testimony (Dkt. 118), and I will issue a ruling on those objections. However, under the circumstances, I will not prohibit the use of Ms. Gojmerac's deposition testimony in a wholesale fashion on the basis that the second day was not transcribed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion *in limine* seeking permission to use the deposition testimony of Lee Gojmerac (Dkt. 86) is granted.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: April 7, 2014
      Rochester, New York